IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKY ANDRE THOMAS,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Case No. 1:17-cv-00473-HZ

OPINION AND ORDER

    Ricky Andre Thomas
    12260434
    Warner Creek Correctional Facility
    P.O. Box 1500
    20654 Rabbit Hill Road
    Lakeview, OR 97630-5000

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of several state-court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

In 2011, the Multnomah Grand Jury indicted petitioner on one count of Compelling Prostitution, two counts of Promoting Prostitution, one count of Using a Child in a Display of Sexually Explicit Conduct, one count of Failure to Report as a Sex Offender, and eight counts of Tampering with a Witness. Respondent's Exhibits 102 & 103. Petitioner ultimately pleaded guilty to one count of Compelling Prostitution, one count of Promoting Prostitution, one count of Failure to Report as a Sex Offender, and two counts of Tampering with a Witness. Respondent's Exhibits 104 & 105. The State dropped the remaining charges and, consistent with the parties' joint sentencing recommendation, the trial court sentenced Petitioner to 120 months in prison. Respondent's Exhibit 106.

Petitioner did not take a direct appeal, and instead proceeded to file for post-conviction relief ("PCR") in Malheur County raising several claims of ineffective assistance of counsel. The PCR court denied relief on all of his claims. Respondent's Exhibit 123.

Petitioner appealed the PCR court's decision, arguing only an issue of state law. Specifically, he asserted that the PCR court's Judgment did not comply with ORS 138.460 and *Datt v.*

2 - OPINION AND ORDER

*Hill*, 347 Or. 672, 227 P.3d 714 (2010), because the PCR court's Judgment did not: (1) make separate rulings on each claim; (2) declare whether the denial was based upon the failure to establish the merits of the claim; and (3) make the legal bases for the denial of relief apparent. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Thomas v. Nooth,* 281 Or. App. 780, 334 P.3d 565 (2016), *rev. denied*, 360 Or. 852. 390 P.3d 716 (2017).

Petitioner filed this federal habeas corpus action on March 24, 2017. He alleges that his trial attorney improperly placed undue pressure on him to accept the State's plea offer while misadvising Petitioner that he could be sentenced as a Dangerous Offender under Oregon law if he declined the offer. Respondent asks the court to deny relief on the Petition because Petitioner failed to fairly present his ineffective assistance of counsel claim to Oregon's state courts, leaving it unpreserved for federal habeas corpus review. Although Petitioner's supporting memorandum was due on November 13, 2017, he has not filed any brief with the court or otherwise responded to Respondent's arguments.

### DISCUSSION

#### A. Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S.

3 - OPINION AND ORDER

509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery,* 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

B. **Analysis**

In his PCR Petition, Petitioner raised the ineffective assistance of counsel claim that is at issue in this case.

Respondent's Exhibit 112, p. 5. However, as discussed in the Background of this Opinion, the only claim Petitioner presented to the Oregon Court of Appeals and the Oregon Supreme Court pertained to the form of the PCR court's Judgment (a question of state law). Respondent's Exhibits 124 & 126. In this respect, Petitioner failed to give the Oregon Supreme Court an opportunity to pass upon the merits of the ineffective assistance of counsel claim he raises here. Because the time for presenting this claim during his PCR appeal passed long ago,[1] the claim is procedurally defaulted.

In his Petition for Writ of Habeas Corpus, Petitioner asserts that his failure to exhaust his state-court remedies is due to the improper form of the PCR court's Judgment. He believes that the PCR Judgment failed to identify the legal bases for the denial of relief, thereby preventing the Oregon Court of Appeals and Oregon Supreme Court from reviewing the merits of his ineffective assistance of counsel claim.

Petitioner challenged the form of the PCR Judgment in the Appellant's Brief he filed with the Oregon Court of Appeals. The appellate court affirmed the PCR court's decision and, thus, approved of the form of the Judgment. To the extent Petitioner asks this court to review whether the PCR Judgment conforms to the requirements of state law, the Supreme Court has repeatedly held that state-court interpretations of state law are binding on federal habeas courts. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a

---
[1] ORS 138.650 provides that PCR appeals must be filed within 30 days.

5 - OPINION AND ORDER

federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, Petitioner is unable to excuse his default, and relief on his Petition is denied.

### **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __15__ day of December, 2017.

                                      Marco A. Hernandez
                                      United States District Judge